STATE OF NEBRASKA V. UNION PACIFIC RAILROAD COMPANY.

FILED JANUARY 21, 1903.   No. 11,271.

Stare Decisis. On the authority of the case of *State v. Missouri P. R. Co.*, 64 Nebr., 679, which is approved and followed, the action brought by the state against the defendant in the above entitled cause is dismissed.

ORIGINAL proceeding before this court, being an action

Syllabus by court; catch-words by editor.

brought by the attorney general to recover penalties for a violation of the Maximum Freight Rate Law. The action was commenced by Constantine J. Smyth. *Dismissed.*

*Frank N. Prout, Attorney General, Norris Brown* and *William B. Rose,* for the state.

*Edson Rich, William R. Kelly* and *John N. Baldwin, contra.*

PER CURIAM.

This cause originated in this court and was brought by the state against the defendant, the Union Pacific Railway Company, to recover a large sum of money claimed to be due on account of numerous alleged violations of the Maximum Freight Rate Law,—a law passed by the legislature, and approved April 7, 1893, entitled "An act to regulate railroads, to classify freights, to fix reasonable maximum rates to be charged for the transportation of freights upon each of the railroads in the state of Nebraska and to provide penalties for the violation of this act." A demurrer to the petition was interposed, challenging the jurisdiction of the court to hear and determine the cause on the ground that the right to recover the penalties contemplated by the act was by an action criminal in its nature, rather than civil, and that this court was not possessed of original jurisdiction to hear and determine such criminal actions. The demurrer was heard and tentatively overruled, and the same objection raised by answer to the petition. After the issues were formed, referees were appointed to hear the evidence and report their findings of fact and conclusions of law. They, without going into the merits of the whole controversy, after a hearing on the question of the alleged unconstitutionality and invalidity of the act for various reasons urged by the defendant, have reported certain findings, and as a conclusion of law hold to the view that the act is inoperative and void because it is so far dependent upon the statute creating a state board of transportation, which by a decision of this court* has

* State v. Burlington & M. R. R. Co., 60 Nebr., 741.

been declared unconstitutional, as to render the former act incomplete and incapable of enforcement. Exceptions are taken to the report of the referees, and the cause has been submitted on such report and the exceptions thereto. We do not find it incumbent on us, nor advisable, to either disapprove or affirm the findings of the referees on which their conclusion recommending a dismissal of the action is grounded. Since the submission of this cause to the referees, the question raised by the demurrer interposed by the defendant, and the answer to the petition, in respect of the nature of the action and the authority of the court in the exercise of its original jurisdiction to try and determine the controversy, was again presented, in the case of *State v. Missouri P. R. Co.,* 64 Nebr., 679. After being fully considered, it is there held that an action such as is brought by the state in the case at bar can not be maintained, because of lack of original jurisdiction, and that the penalties provided for by the act in question could be enforced only in a criminal trial. On the authority of that case we must decline to further entertain jurisdiction of the case at bar. Hence, without passing on the findings of the referees, their recommendation to enter a judgment of dismissal will be sustained and the action dismissed.

JUDGMENT OF DISMISSAL ACCORDINGLY.